IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| TIMOTHY RAY SADLER, | CV 16-00083-H-DLC-JTJ |
| | (CV 17-00026-M-DLC-JCL) |
| Plaintiff, | (CV 17-00042-H-DLC-JTJ) |
| vs. | |
| | ORDER |
| SHERIFF DUTTON, et al., | |
| Defendants. | |

Plaintiff Timothy Sadler has filed the following pending cases:  Civil Action

Nos.  CV 16-00083-H-DLC-JTJ, CV 17-00026-M-DLC-JCL, and CV 17-00042-

H-DLC-JTJ.  By Order dated March 9, 2017, United States Magistrate Judge

Lynch consolidated Civil Action No. 17-00026-M-DLC-JCL with Civil Action No.

16-00083-H-DLC-JTJ.  (Civil Action No. 17-00026-M-DLC-JCL, Doc. 4.)

After review of the Complaint filed in Civil Action No. 17-00042-H-DLC-

JTJ, it is appropriate to also consolidate that matter with Civil Action No. 16-

00083-H-DLC-JTJ.  Rule 42(a) of the Federal Rules of Civil Procedure permits the

Court to consolidate cases which, in the Court's judgment, involve common

questions of law or fact.  Fed. R. Civ. P. 42(a).  The Court has "broad discretion"

under Rule 42(a) "to consolidate cases pending in the same district."  *Inv'rs*

*Research Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir.

1989).  In exercising this discretion, the Court "balance[s] the interest of judicial convenience against the potential for delay, confusion and prejudice that may result from such consolidation."  *Sapiro v. Sunstone Hotel Inv'rs, L.L.C.*, 2006 WL 898155, at *1 (D. Ariz. 2006) (citations omitted).  Upon consideration of these factors and independent review of the two complaints, the Court concludes that all three cases should be consolidated.  The cases raise common questions of fact and the cases can be consolidated without giving rise to delay, confusion, or prejudice.

Mr. Sadler contends in all three cases that his constitutional rights were violated while he was incarcerated in the Lewis and Clark County Detention Center (LCCDC) in Helena, Montana.  The complaints, as currently plead, fail to state a claim upon which relief may be granted and are subject to dismissal.  Mr. Sadler will be given an opportunity to file one all encompassing amended complaint.

## I.  STATEMENT OF THE CASE

### A.    Parties

Mr. Sadler is proceeding in forma pauperis and without counsel.  He is currently incarcerated at the Lewis and Clark County Detention Center in Helena, Montana.  It is unclear whether he is a pretrial detainee or a convicted prisoner.

In his Complaint filed in CV 16-00083, Mr. Sadler named Sheriff Dutton,

Dr. Dave, and Benefits Spectrum Medical as Defendants.  (16-83 Complaint, Doc. 2 at 5.)  In his Amended Complaint, Mr. Sadler corrects the name of Dr. Dave to Dave Jenkins and added Nurse Deb as a Defendant.

In Civil Action No. 17-00026, Mr. Sadler added John and Jane Doe defendants.  (17-26 Complaint, Doc. 2 at 4.)

In Civil Action No. 17-00042, Mr. Sadler named the following Defendants: S. McCarthy, Leo Dutton, David Allen Rau, Jason Grimmis, Allen Hugh, Scott Ferguson, Brian Merritt, Troy Christensen, Sean Whittmier, Clair Swain, D. Moynard, Becky Hawthorne, John Looney (aka Mooney), Tim Arnold, Justin Berger, Rae Foreseth, Keith Greaney, and L. Crammer.  (17-42 Complaint, Doc. 2 at 5-7.)

B.    Allegations

The Court discerns the following claims:  (1) unconstitutional conditions of confinement including a lack of fresh air and showers; (2) excessive force; (3) failure to provide medical care for a shoulder injury, for Hepatitis C, and for a back injury; (4) libel/slander/defamation; (5) interference with mail; (6) retaliation; (7) failure to respond to grievances; and (8) denial of access to the courts.

Mr. Sadler attempts to bring a class action in Civil Action 16-0083-H-DLC-JTJ regarding overcrowding and other conditions of confinement.  This action may

3

not proceed as a class action pursuant to "the general rule prohibiting pro se

plaintiffs from pursuing claims on behalf of others in a representative capacity."

*Simon v. Hartford Life and Accident Ins. Co.*, 546 F.3d 661, 664 (9th Cir. 2008).

Mr. Sadler cannot represent the interests of anyone other than himself.  The Court

recommends that the request to certify this matter as a class action be denied.  Mr.

Sadler failed to bring specific allegations as to his own personal experiences in

Count 2 of the 16-83 complaint and those claims will not be addressed.

## II.  INITIAL SCREENING

Mr. Sadler is a prisoner proceeding in forma pauperis so the Court must

review his Complaint under 28 U.S.C. §§ 1915, 1915A.  §§1915A(b) and

1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis or

by a prisoner against a governmental defendant before it is served if it is frivolous

or malicious, fails to state a claim upon which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint is malicious if

not pleaded in good faith.  *Kinney v. Plymouth Rock Squab. Co.*, 236 U.S. 43, 46

(1915).  A complaint fails to state a claim upon which relief may be granted if a

plaintiff fails to allege the "grounds" of his "entitlement to relief."  *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).  Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain  . . .  a short and plain statement of the claim showing that the [plaintiff] is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  In order to satisfy the requirements in Rule 8 a complaint's allegations must cross "the line from conceivable to plausible."  *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).

There is a two-step procedure to determine whether a complaint's allegations cross that line.  *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662.  First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth."  *Iqbal*, 556 U.S. at 679, 680.  Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim.  *Id.* at 679, 681.  A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability.  *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (citing Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

## III. ANALYSIS

Mr. Sadler's numerous filings violate Rule 8 of the Federal Rules of Civil Procedure and fail to bring specific claims and factual allegations against specific defendants. He makes general and conclusory allegations which are insufficient to state a claim for relief. These deficiencies might be cured by a clearer statement of

the claims, facts to support those claims, and a clearer statement of defendants'
actions. Mr. Sadler will be given an opportunity to file an amended complaint, but
he must meet the following legal standards.

## A. Conditions of Confinement

Mr. Sadler brings his claims under both the Eighth and Fourteenth
Amendments to the United States Constitution. For purposes of this Order, the
Court will assume that Mr. Sadler was a pretrial detainee at all times relevant to his
Complaints.[1] A pretrial detainee's constitutional rights relative to conditions of
confinement are addressed under the due process clause of the Fourteenth
Amendment, rather than the Eighth Amendment's prohibition against cruel and
unusual punishment applicable to convicted inmates. *Oregon Advocacy Center v.
Mink*, 322 F.3d 1101, 1120 (9th Cir. 2003). In the past, it was assumed that the
standard applicable to a pretrial detainee's conditions of confinement claims
brought under the Fourteenth Amendment was the same state of mind requirement
as an Eighth Amendment violation, i.e., subjective and deliberate indifference to a

---

[1]Mr. Sadler submitted over 600 pages with his Complaint in Civil Action No.
17-00042-H-DLC-JTJ. Based upon those documents it appears that Mr. Sadler was
held as a pretrial detainee in the LCCDC from July 31, 2016 until his sentencing on
or about March 1, 2017 when he was released on probation. (17-42 Complaint
attachments, Doc. 2-1 at 588, 590, 631.) According to the LCCDC jail roster, Mr.
Sadler was incarcerated again at the LCCDC on March 16, 2017.
https://www.lccountymt.gov/sheriff/detention-center.html (accessed May 18, 2017).

substantial risk of serious harm. *See Clouthier v. Cty. of Contra Costa*, 591 F.3d 1232 (9th Cir. 2010).  However, that holding was called into question by the United States Supreme Court in a Fourteenth Amendment excessive force case, *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015).  Most recently, the Ninth Circuit extended the *Kingsley* rationale to a Fourteenth Amendment failure-to-protect claim.  *Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc).  Although *Castro* did not expressly extend its holding to other Fourteenth Amendment violations, the Court sees no reason why the same rationale should not apply to other Fourteenth Amendment conditions of confinement claims.

### 1.  General Conditions

Mr. Sadler raises a number of general conditions of confinement claims including denial of fresh air, lack of showers, and a failure to protect claim. In order to proceed on such claims, Mr. Sadler must allege:

> (1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the plaintiff's injuries.

*Castro*, 833 F.3d at 1071.  With respect to the third element, the defendant's

conduct must be "objectively unreasonable."  *Id.* (citing *Kingsley*, 135 S.Ct. at

2473).  In *Kingsley*, the Supreme Court concluded that the Eighth Amendment's

subjective standard which takes into account the defendant's actual knowledge

and state of mind is not applicable to a pretrial detainee's claim for excessive force

under the Fourteenth Amendment.  *Castro*, 833 F.3d at 1068-69.  Instead, a pretrial

detainee's Fourteenth Amendment claim need only establish that the defendant's

conduct "was objectively unreasonable," *Kingsley*, 135 S. Ct. at 2473, a standard

that is something "more than negligence but less than subjective intent—something

akin to reckless disregard." *Castro*, 833 F.3d at 1071.

    Mr. Sadler's claims regarding a denial of fresh air and showers and placing

him in danger as alleged in Civil Action No. 17cv42-H-DLC-JTJ, Doc. 2 at 8-11

are insufficient to state a claim upon which relief may be granted.  Mr. Sadler has

not provided sufficient factual allegations to establish that he was placed in

substantial risk of serious harm based upon these conditions.  More importantly,

however, he makes only general conclusory allegations and does not connect those

facts to a particular defendant.  As such, those claims are subject to dismissal.  As

these defects could potentially be cured by the allegation of additional facts, he

may amend these claims.

## 2. Denial of Medical Care

In accordance with *Kingsley*, 135 S. Ct. 2466 and *Castro*, 833 F.3d 1060, a pretrial detainee's Fourteenth Amendment claim for the denial of medical treatment must be supported by factual allegations which plausibly demonstrate that:

> (1) The plaintiff made a request for medical care; (2) The plaintiff had a serious medical need; (3) The defendant did not take reasonable steps to obtain or provide medical care, even though a reasonable officer (or reasonable medical staff) in the circumstances would have appreciated the high degree of risk involved—making the likelihood of harm obvious; and (4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Guerra v. Sweeny*, 2016 WL 5404407, *3 (E.D. Cal. 2016).

Mr. Sadler alleges he made requests for medical care and the Court will presume for purposes of this Order that his shoulder injury and Hepatitis C are serious medical conditions. Yet, his own allegations indicate that defendants took reasonable steps to provide medical care. Mr. Sadler indicates he was examined on several occasions with regard to his shoulder and provided pain medications. These may not have been the pain medications that he thought he should be receiving but "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim."

*Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation

omitted).  In addition, it is not deliberate indifference for prison officials serving in administrative roles to rely on the opinions of qualified medical staff in responding to prisoner's grievances.  *See Peralta v. Dillard*, 744 F.3d 1076, 1087 (9th Cir. 2014) (en banc).  Thus, Sheriff Dutton cannot be held liable simply because he relied on his medical staff.

Mr. Sadler alleges he received his shoulder injury during his arrest on July 30, 2016.  The records Mr. Sadler submitted indicate he was seen at St. Peter's Hospital on two separate occasions after the July 30, 2016 injury–on August 31, 2016, and September 19, 2016.  (17-26 Complaint attachments, Doc. 2-1 at 454.)

With regard to Mr. Sadler's Hepatitis C, Mr. Sadler submitted a letter from a doctor at St. Peter's Medical Group in Helena, Montana stating that blood tests done in August 2016 indicated that Mr. Sadler's liver is "still quite healthy" and that many insurance providers cannot provide therapy to persons with a healthy liver.  (17-26 Complaint attachments, Doc. 2-1 at 367.)

Mr. Sadler's filings contain no "factual content that allows the court to draw the reasonable inference," *Iqbal*, 556 U.S. at 678, that Defendants violated his Fourteenth Amendment right to adequate medical care.  If he can truthfully assert additional facts regarding this claim, he may attempt to do so in an amended complaint.

11

### 3. Excessive Force

Mr. Sadler alleges he has been beaten.  It is not clear whether he is referring to an incident with the Helena Police officers (who are not named as defendants) or if he is referring to an incident which occurred at LCCDC.  To the extent that Mr. Sadler seeks to bring a claim for excessive use of force, the standard is set forth in *Kingsley*, 135 S.Ct. 2466, which provides that "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable."  *Id.* at 2473.  As with Fourth Amendment claims of excessive force, "objective reasonableness turns on the 'facts and circumstances of each particular case.'" *Id.* (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)).  The Court "must make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight," it must "account for the 'legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained,' appropriately deferring to 'policies and practices that in th[e] judgment' of jail officials 'are needed to preserve internal order and discipline and to maintain institutional security.'" *Kingsley*, 135 S.Ct at 2473 (quoting *Bell v. Wolfish*, 441 U.S. 520, 540 (1979)).

*Kinglsey* instructs that:

12

> Considerations such as the following may bear on the reasonableness
> or unreasonableness of the force used: the relationship between the
> need for the use of force and the amount of force used; the extent of
> the plaintiff's injury; any effort made by the officer to temper or to
> limit the amount of force; the severity of the security problem at issue;
> the threat reasonably perceived by the officer; and whether the
> plaintiff was actively resisting.

*Id.* Mr. Sadler only states that he was beaten.  He provides no other factual

allegations regarding any alleged use of force incident.  If he intends to raise a

claim of excessive use of force, he must meet the above standard, provide specific

factual details, and explain what each defendant is alleged to have done.

His filings as currently plead, fail to state a claim for excessive use of force

but he may amend this claim to the extent that he can truthfully do so.

### B.  Retaliation

In order to state a claim under 42 U.S.C. § 1983 for retaliation, a prisoner

must establish that he was retaliated against for exercising a constitutional right,

and that the retaliatory action was not related to a legitimate penological purpose,

such as preserving institutional security.  *See Barnett v. Centoni*, 31 F.3d 813,

815-16 (9th Cir. 1994) (per curiam).  In meeting this standard, the prisoner must

demonstrate a specific link between the alleged retaliation and the exercise of a

constitutional right.  *See Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995);

*Valandingham v. Bojorquez*, 866 F.2d 1135, 1138-39 (9th Cir. 1989).  The prisoner

13

must also show that the exercise of First Amendment rights was chilled, though not necessarily silenced, by the alleged retaliatory conduct.  *See Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000), *see also Rhodes v. Robinson*, 408 F.3d 559, 569 (9th Cir. 2005).  Thus, the prisoner plaintiff must establish the following in order to state a claim for retaliation:  (1) prison officials took adverse action against the inmate; (2) the adverse action was taken because the inmate engaged in protected conduct; (3) the adverse action chilled the inmate's First Amendment rights; and (4) the adverse action did not serve a legitimate penological purpose.  *See Rhodes*, 408 F.3d at 568.

Mr. Sadler makes vague references to possible retaliation but he has not presented sufficient factual allegations to support such a claim.  If he intends to bring a retaliation claim he must clarify these allegations.

## C.  Libel/Slander/Defamation

Mr. Sadler's claims alleging defamation, libel and slander do not state a federal  constitutional claim.  *See Paul v. Davis*, 424 U.S. 693, 699–701 (1976) (defamation not actionable under § 1983); *Hernandez v. Johnson*, 833 F.2d 1316, 1319 (9th Cir. 1987) (libel and slander claims precluded by *Paul*). Accordingly, Mr. Sadler's federal claims of libel, slander, and defamation will be recommended for dismissal.

### D.  Mail

The Supreme Court has recognized that prisoners have protected First Amendment interests in both sending and receiving mail.  *Thornburgh v. Abbott*, 490 U.S. 401 (1989); *Turner v. Safley*, 482 U.S. 78 (1987).  "The decision to censor or withhold delivery of a particular letter must be accompanied by minimum procedural safeguards."  *Procunier v. Martinez*, 416 U.S. 396, 417 (1974), *overruled on other grounds, Thornburgh v. Abbott*, 490 U.S. 401 (1989). Allegations that mail delivery was delayed for an inordinate amount of time are sufficient to state a claim for violation of the First Amendment.  *See Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996).  However, a temporary delay or isolated incident of delay or other mail interference without evidence of improper motive does not violate a prisoner's First Amendment rights.  *See Crofton v. Roe*, 170 F.3d 957, 961 (9th Cir. 1999) (as amended).

Mr. Sadler's vague allegations that his mail was not sent by regular mail but rather was delivered by other means (16-83 Complaint, Doc. 2 at 25) is insufficient to state a federal claim upon which relief may be granted.  The Court can identify no case law that requires that mail given to prison officials must be sent by United States mail.  These allegations fail to state a federal claim upon which relief may be granted.

15

### E.  Grievances

Although inmates have a First Amendment constitutional right of access to such grievance procedures as a prison affords, *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995), they do not have a due process right in the processing of their inmate appeals.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to specific grievance procedure; claim that prison officials interfered with appeal thus did not state due process violation); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (no entitlement to grievance procedure).  Therefore, Mr. Sadler's allegations that his grievances were improperly denied or were not answered do not state a claim for relief.

### F.  Denial of Access to the Courts

Inmates have a "fundamental constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 828 (1977).  This includes "both a right to meaningful access to the courts and a broader right to petition the government for a redress of his grievances."  *Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011).  Thus, there are two types of access to the courts claims:  "those involving prisoners' right to affirmative assistance and those involving prisoners' rights to litigate without active interference."  *Silva*, 658 F.3d at 1102.

16

With regard to right to assistance, the Supreme Court has held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds*, 430 U.S. at 828. That access must be "adequate, effective, and meaningful." *Bounds*, 430 U.S. at 822. This right of access to courts, however, is "limited to the pleading stage." *Silva*, 658 F.3d at 1102. That is, it only encompasses a right to bring complaints to federal court and not a right to the discovery of such claims or to litigate them effectively once filed with a court. *See Lewis*, 518 U.S. at 354-55.

The right to be free to litigate without active interference "forbids states from erecting barriers that impede the right of access of incarcerated persons." *Silva*, 658 F.3d at 1102 (quotations and citations omitted). This right goes beyond the pleading stage. *Id*.

To show a violation of either type of right to access to the courts, an inmate must demonstrate "actual injury," in that there was a "specific instance" in which he was denied access. *Sands v. Lewis*, 886 F .2d 1166, 1171 (9th Cir. 1989); *see also Lewis v. Casey*, 518 U.S. 343, 349 (1996). The injury requirement is "not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354-55. It

is only satisfied if an inmate is denied access with regard to a direct appeal from their conviction, habeas petitions, or civil rights actions challenging the conditions of their confinement.  *Id*.  "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."  *Id.*

Mr. Sadler has not alleged that he suffered an actual injury with regard to the alleged denial of access to the courts.  These claims are subject to dismissal.

### G.  Defendants

In filing an amended complaint Mr. Sadler must provide specific allegations against each defendant.  Section 1983 imposes individual liability upon state actors only when their personal conduct violates a plaintiff's constitutional rights.  *Monell v. Department of Social Services*, 436 U.S. 658, 691-94 (1978).  This can be established in two ways.  First, an individual can be held liable for their own personal acts which directly cause an injury.  In order to make such a claim, however, a plaintiff must make specific factual allegations regarding what each defendant did or did not do.

Secondly, an individual can be held liable in their individual capacity under a theory of supervisory liability.  "[A] plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of

and acquiescence in unconstitutional conduct by his or her subordinates." *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011).  Section 1983 will not impose liability on supervising officers under a respondeat superior theory of liability.  *Monell*, 436 U.S. at 691-94.  That is, a defendant cannot be held liable just because they supervise other employees.  Instead, supervising officers can be held liable under § 1983 "only if they play an affirmative part in the alleged deprivation of constitutional rights."  *King v. Atiyeh*, 814 F.2d 565, 568 (9th Cir. 1987).

A supervisor may be liable (1) for setting in motion a series of acts by others, or knowingly refusing to terminate a series of acts by others, which they knew or reasonably should have known would cause others to inflict constitutional injury; (2) for culpable action or inaction in training, supervision, or control of subordinates; (3) for acquiescence in the constitutional deprivation by subordinates; or (4) for conduct that shows a reckless or callous indifference to the rights of others.  *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991).

Allegations against supervisors which resemble "bald" and "conclusory" allegations should be dismissed.  *Hydrick v. Hunter*, 669 F.3d 937 (9th Cir. 2012).  Allegations that a supervisory defendant had personal knowledge of a constitutional violation will be insufficient without "specific allegations regarding each Defendant's purported knowledge" of the violation.  *Hydrick*, 669 F.3d at

19

942.  Mr. Sadler must allege "sufficient facts to plausibly establish the defendant's 'knowledge of' and 'acquiescence in' the unconstitutional conduct of his subordinates."  *Hydrick*, 669 F.3d at 942 *citing Starr*, 652 F.3d at 1206–07.  His

## IV.  REQUEST FOR COUNSEL

Mr. Sadler asks for the appointment of counsel in a number of his filings. No one, including incarcerated prisoners, has a constitutional right to be represented by appointed counsel when they choose to bring a civil lawsuit under 42 U.S.C. § 1983.  *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn on other grounds*, 154 F.3d 952, 962 (9th Cir. 1998).  Unlike criminal cases, the statute that applies does not give a court the power to simply appoint an attorney.  28 U.S.C.§ 1915 only allows the Court to "request" counsel to represent a litigant who is proceeding in forma pauperis.  28 U.S.C. § 1915(e)(1).  A judge cannot order a lawyer to represent a plaintiff in a § 1983 lawsuit–a judge can merely request a lawyer to do so.  *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).  Further, much different from a criminal case, a judge may only request counsel for an indigent plaintiff under "exceptional circumstances."  28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

> A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal

> issues involved.'  Neither of these factors is dispositive and both must
> be viewed together before reaching a decision.

*Terrell*, 935 F.2d at 1017 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th

Cir. 1986) (citations omitted).

Mr. Sadler has not yet made an adequate showing of a likelihood of success

on the merits to warrant a request of counsel.  The Court is still in the process of

conducting the preliminary screening of these cases to assess the merits of Mr.

Sadler's claims pursuant to  28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a).  The

Court will not consider the appointment of counsel until after the completion of the

prescreening process.

## V.  CONCLUSION

28 U.S.C. §§ 1915 and 1915A require the dismissal of a complaint that fails

to state a claim upon which relief may be granted but do not deprive the district

court of its discretion to grant or deny leave to amend.  *Lopez v. Smith*, 203 F.3d

1122, 1127 (9th Cir. 2000).  The Court can decline to grant leave to amend if "it

determines that the pleading could not possibly be cured by the allegation of other

facts."  *Lopez*, 203 F.3d. at 1127 (quoting *Doe v. United States*, 58 F.3d 494, 497

(9th Cir. 1995)).  Leave to amend is liberally granted to pro se litigants unless it is

"absolutely clear that the deficiencies of the complaint could not be cured by

amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing

*Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

As currently plead, Mr. Sadler's Complaints fail to state a claim upon which

relief may be granted and is subject to dismissal.  It may be possible to cure the

defects with Mr. Sadler's claims.  Accordingly, Mr. Sadler will be given an

opportunity to file one all encompassing amended complaint to clarify his factual

allegations, to provide more specific allegations regarding his claims, and to

provide specific factual allegations against each named defendant.

## A.  Amended Complaint

Any amended complaint must be retyped or rewritten in its entirety on the

court-approved form and may not incorporate any part of the original Complaint by

reference.  Once Mr. Sadler files an amended complaint, it replaces the original

complaint, and the original complaint no longer serves a function in the case.

*Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  If Mr. Sadler fails to use

the court-approved form, the Court may strike the amended complaint and

recommend the dismissal of this action.  Mr. Sadler may not change the nature of

this suit by adding new, unrelated claims in his amended complaint.  *George v.

Smith*, 507 F.3d 605, 607 (7th Cir.2007) (no "buckshot" complaints).

Any amended complaint must consist of short, plain statements telling the

22

Court (1) the rights Mr. Sadler believes were violated; (2) the name of the defendant(s) who violated the rights; (3) exactly what each defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of Mr. Sadler's rights; (5) when the alleged actions took place; and (6) what injury Mr. Sadler suffered because of that defendant's conduct. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Mr. Sadler must repeat this process for each defendant. Conclusory statements are not enough, nor are declarations that all defendants violated some law or statute. Instead, Mr. Sadler must provide specific factual allegations for each element of each of his claims and must state with specificity to which defendants each of his claims apply. If Mr. Sadler fails to affirmatively link the conduct of a defendant with an injury suffered, the allegation against that defendant will be dismissed for failure to state a claim.

## B. Possible "Strike"

If Mr. Sadler's amended complaint fails to state a claim upon which relief may be granted, the dismissal could count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated

23

or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### C. Possible Dismissal

If Mr. Sadler fails to timely comply with every provision of this Order, this action may be dismissed. *Ferdik*, 963 F.2d at 1260-61 (court may dismiss an action for failure to comply with any order of the court).

### D. Address Change

At all times during the pendency of this action, Mr. Sadler must immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

### ORDER

1. Civil Action No. 17-cv-00042-H-DLC-JTJ is consolidated with Civil Action No. 16-cv-00083-H-DLC-JTJ. A copy of this Order shall be filed in 17-cv-0042 but Civil Action 16-cv-00083-H-DLC-JTJ will be the lead case in which all further docketing shall be done.

2.  On or before June 30, 2017, Mr. Sadler may file an amended complaint on the form to be provided by the Clerk of Court's Office.

3.  In light of the filing of this Order, Mr. Sadler's motions for case status (Docs. 11, 12) are MOOT.

4.  Mr. Sadler's requests for the appointment of counsel are DENIED.

Further the Court issues the following:

## RECOMMENDATIONS

1.  Mr. Sadler's request for this matter to be certified as a class action (Civil Action No. 16cv83-H-DLC-JTJ, Doc. 2 at 20-26) should be DENIED.

2.  Mr. Sadler's claims of defamation, libel, and slander (Civil Action No. 6:17cv42-H-DLC-JTJ, Doc. 2 at 9) should be DISMISSED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Sadler may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

---

[2]As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d).  Therefore, three (3) days are added after the period would otherwise expire.

25

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 1st day of June 2017.

_/s/ John Johnston_
John Johnston
United States Magistrate Judge

26